**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MALIK HODGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:07-cv-1527 (CKK)** |
| | ) | |
| **UNITED AIRLINES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, United Airlines, Inc., by and through its undersigned counsel, respectfully requests that this Court dismiss this case for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities in Support of its Motion.

Date: November 30, 2007

Respectfully submitted,

UNITED AIRLINES, INC.

/s/

Michael A. Viccora (D.C. Bar No. 434619)
Eric J. Janson (D.C. Bar No. 974395)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400 (telephone)
(202) 828-5393 (facsimile)

Attorneys for Defendant United Airlines

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MALIK HODGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:07-cv-1527 (CKK)** |
| | ) | |
| **UNITED AIRLINES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, United Airlines, Inc., by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this memorandum of points and authorities in support of its motion to dismiss.

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), alleging retaliation, employment discrimination and a hostile work environment based on race. Plaintiff's Complaint also alleges that Defendant violated the Family Medical Leave Act of 1990, 29 U.S.C. § 2611, *et seq.* ("FMLA").

As set forth below, Plaintiff's Complaint is fatally deficient because Plaintiff has not alleged – nor could he – that he timely exhausted his administrative remedies with respect to his Title VII claims. Plaintiff utterly failed to exhaust his administrative remedies because he filed an untimely administrative charge with the EEOC. Moreover, Plaintiff's allegations of hostile work environment were also never raised with, nor investigated by the EEOC, and are completely unrelated to the claims set forth in his administrative charge. Accordingly, Plaintiff's hostile work environment claim must be dismissed for this independent reason. Lastly, Plaintiff's FMLA claim was filed long after the expiration of the applicable two-year statute of

limitations. Because all of Plaintiff's claims are time-barred, his Complaint should be dismissed, with prejudice, in its entirety.

## BACKGROUND

On or about February 26, 1995, Plaintiff was hired by Defendant as flight attendant. Compl. ¶ 5. In late December 2004, Plaintiff reportedly suffered an injury to his back which allegedly left him unable to work as of December 23, 2004. Compl. ¶ 11. Soon thereafter, Defendant requested medical documentation to support his absence from work. Compl. ¶ 12. After Plaintiff failed to comply with this request in a timely manner and the medical documentation failed to support his absence from work, Plaintiff was charged with unauthorized absence from work, invalid use of sick leave, and failure to comply with a written directive. Compl. ¶ 13-14. These charges were upheld after an internal hearing conducted on or about February 18, 2005 and Plaintiff was terminated on March 10, 2005. Compl. ¶ 14.

Over three-hundred and eight days (308) days later, on January 12, 2006, Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission's Chicago District Office. Exhibit 1 – EEOC Charge – 210-2006-01291. Plaintiff indicated in his Charge of Discrimination that the dates of the alleged discrimination took place between February 10, 2005 and March 10, 2005. Id. In particular, Plaintiff alleged that he was involved in a car accident that required him to take sick leave on or about December 23, 2004. Id. Soon thereafter, on or about January 3, 2005, Plaintiff was allegedly "falsely accused" by Defendant and discharged on March 10, 2005. Id. Plaintiff also alleges that on or about February 3, 2005, he complained to Human Resources that the charges against him were motivated by racial discrimination. Id.

On May 29, 2007, the EEOC Chicago District Office issued Plaintiff a Notice of Right to Sue. Exhibit 2 – Notice of Right to Sue. This Notice of Right to Sue informed Plaintiff that he had 90 days to file a lawsuit in federal or state court. Id.

On August 27, 2007, Plaintiff filed the Complaint in federal court, alleging that his termination by Defendant on March 10, 2005 was based on his race (African-American) and in retaliation for his complaint of discrimination on February 2, 2005. Plaintiff's Complaint also raises a brand new claim that he was subjected to a hostile work environment based on his "race and ethnic appearance" and details a series of discrete acts which took place between March 26, 2002 and July 2004. Compl. ¶ 6-9, 17.[1] Plaintiff also alleges that Defendant violated the FMLA by allegedly rejecting a request for leave for medical attention and ultimately terminating his employment. Compl. ¶ 24.

**LEGAL STANDARD**

A motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The facts alleged "must be enough to raise a right to relief above the speculative level." Id. at 1965. The court need not accept as true inferences unsupported by

---

[1] Plaintiff's Complaint does not break out discrete Title VII claims. However, the Complaint appears to allege three separate Title VII claims – discriminatory discharge, retaliatory discharge and hostile work environment. Compl. ¶ 17. Each of these claims are doomed by Plaintiff's failure to timely exhaust his administrative remedies.

facts set out in the complaint or legal conclusions cast as factual allegations. Browning, 292 F.3d at 242.

In determining whether a complaint states a claim under Rule 12(b)(6), "the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2003); Kamen v. Int'l Brotherhood of Elec. Workers, 505 F.Supp.2d 66, 71 (D.D.C. 2007); see also Carter v. The Washington Post, 2006 WL 1371677 (D.D.C. May 15, 2006) (citation omitted) (noting that the court could consider EEOC charge not attached to complaint of discrimination).

Plaintiff's failure to exhaust his administrative remedies also deprives the Court of subject matter jurisdiction over Plaintiff's Title VII claims. Therefore, Defendant moves that the Court, in the alternative, dismiss Plaintiff's Title VII claims under Fed. R. Civ. Pro. 12(b)(1). See Artis v. Greenspan, 474 F.Supp.2d 16, 17 (D.D.C. 2007) ("failure to exhaust administrative remedies deprives a court of subject matter jurisdiction"); see also Carter v. Washington Metro. Transit Auth., 451 F.Supp.2d 150, 152-53 (D.D.C. 2006); Murphy v. PriceWaterhouseCoopers, LLP, 357 F.Supp.2d 230, 238-39 (D.D.C. 2004); Ajuluchuku v. Oswald, 2006 WL 325741 *1, (D.D.C. February 10, 2006). A court ruling on a Rule 12(b)(1) motion "may consider materials outside the pleadings" to determine whether it has jurisdiction over the underlying claims without converting it into a summary judgment motion. Jerome Stevens Pharm, Inc. v. FDA, 402 F.3d 1249, 1254 (D.C. Cir. 2005); Carter, 451 F.Supp.2d at 152.

## ARGUMENT

### I. PLAINTIFF FAILED TO ALLEGE THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

Plaintiff's Title VII claims should be dismissed due to his fundamental failure to allege that he exhausted his administrative remedies. A plaintiff must satisfy two statutory prerequisites before filing an employment discrimination complaint in federal court under Title VII: (1) they must file a timely charge with the EEOC or state agency and (2) file a complaint in federal or state court within ninety (90) days for the EEOC's issuance of a "right to sue" letter. Jones v. Dist. of Columbia, 273 F.Supp.2d 61, 64 (D.D.C. 2003). The failure to allege exhaustion of administrative remedies will result in the dismissal of a Title VII claim. Id; Browne v. Potomac Elec. Power Co., 2006 WL 1825796 *2 (D.D.C. July 3, 2006). Although a complaint "does not need detailed factual allegations….[it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action with not do." Bell Atl. Corp v. Twombly, 127 S. Ct. at 1965. Accordingly, where a plaintiff has not asserted any factual allegations with regard to exhausting his administrative remedies, he cannot "raise his claim above a speculative level," and it must be dismissed. Id; Lutz v. United States, 2000 WL 1954438 *4 (D.D.C. July 5, 2007).

In the instant case, Plaintiff's Complaint is completely devoid of any factual allegations that would demonstrate that he exhausted his administrative remedies with respect to his Title VII claims, and for this reason alone, these claims should dismissed. Plaintiff's failure to plead exhaustion of administrative remedies may very well be because, as demonstrated more fully

below, Plaintiff did not timely file the requisite administrative charge on any of his Title VII claims.[2]

## II. PLAINTIFF'S EEOC CHARGE WAS NOT TIMELY FILED.

Plaintiff did file a charge of discrimination with the EEOC. Even considering this charge, attached hereto, Plaintiff's race discrimination and retaliation claims should be dismissed because he failed to file the charge within the time required by the law. Bowden v. U.S., 106 F.3d 433, 437 (D.C. Cir. 1987). Title VII requires that a claimant exhaust his administrative remedies by filing a charge of discrimination within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); Washington v. Washington Metro. Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir 1998). Where a charge has been filed with a state fair employment agency, the time for filing a charge is extended to 300 days. 2 U.S.C. § 2000e-5(e)(1). However, for the 300-day limit to apply, a plaintiff must first initiate a proceeding with the state or local agency having authority to grant the desired relief. Gardner v. Dist. Of Columbia, 448 F.Supp.2d 70, 74 (D.D.C. 2006); Major v. Plumbers Local No. 5, United Ass'n of Journeyman and Apprentices of the Plumbing and Pipe-Fitting Industry, 370 F.Supp.2d 118, 126 (D.D.C. 2005). Furthermore, courts have uniformly held that the procedural requirements of Title VII must be strictly applied. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002) (noting that the text of Title VII "makes the act of filing a charge

---

[2] Although the Plaintiff's Title VII claims could be dismissed without prejudice solely for failing to allege that he exhausted his administrative remedies, it would be a more efficient use of judicial resources and consistent with Rule 12(b)(6) and Carter vs. The Washington Post for the Court to consider and/or take judicial notice of the attached Charge of Discrimination filed by Plaintiff with the EEOC on January 12, 2006, and dismiss this action with prejudice for the reasons set forth below. The Court is also able to consider this Charge of Discrimination should it view Plaintiff's failure to exhaust his administrative remedies as depriving it of subject matter jurisdiction under Rule 12(b)(1).

within the specified time period mandatory"); Zipes v. Trans. World Airlines, Inc., 455 U.S. 385, 398 (1982).

According to Plaintiff's Charge of Discrimination, the latest date of discrimination reportedly took place on March 10, 2005, when Plaintiff was discharged by Defendant. Exhibit 1; see also Compl. ¶ 14. Therefore, Plaintiff was required to file his Charge of Discrimination with either the EEOC or an appropriate state fair employment agency within 180 days – by September 6, 2005. Even assuming *arguendo* that Plaintiff's Charge of Discrimination was cross-filed with an appropriate state fair employment agency, Plaintiff still would been required to file his Charge of Discrimination within 300 days – by January 4, 2006. However, Plaintiff did not file his Charge of Discrimination with the Chicago District Office of the EEOC until January 12, 2006.[3] Accordingly, Plaintiff's Title VII claims are time barred and should be dismissed for failure to exhaust administrative remedies. See e.g., Cristwell v. Veneman, 224 F.Supp.2d (D.D.C. 2002) (dismissing Title VII claims where administrative complaint filed twelve days late).

## III. PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS WERE NEVER RAISED WITH THE EEOC.

Plaintiff's hostile work environment claim is not only time-barred but also must be dismissed for the independent reason that he never raised such allegations with the EEOC. A Title VII lawsuit following an EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." Jones v. Univ. of Dist. of Columbia, 505 F.Supp.2d 78, 84 (D.D.C. 2007) (citing Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995)); see also Lane v. Hilbert, 2004 WL 1071330, *1 (D.C. Cir.

[3] Plaintiff's Charge of Discrimination appears to have been signed by Plaintiff on January 6, 2006 which is still outside the 300 day requirement.

May 12, 2004) (noting the breadth of a civil suit is "only as broad as [the] scope of any investigation that reasonably could have been expected to result from [the] initial charge of discrimination"). These administrative requirements serve the function of giving the accused party notice of the charges and narrowing the issues for litigation. Park, 71 F.3d at 907. Indeed, "the requirement of some specificity in a charge is not a 'mere technicality' and…[a] court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process. Id. (internal citations omitted).

As set forth above, Plaintiff's Charge of Discrimination alleges that he was discriminated on the basis of race and retaliated against when he was discharged on March 10, 2005 after allegedly complaining to Human Resources about discrimination on or about February 3, 2005. Compl. ¶ 13. Plaintiff indicated on this Charge that the dates of discrimination allegedly took place between February 10, 2005 and March 10, 2005. However, for the first time in the instant Complaint, Plaintiff raises a completely new claim that he was subjected to a hostile work environment based on his "race and ethnic appearance" and details a series of discrete acts which took place between two and three years before his termination. Compl. ¶ 6-9, 17. In particular, Plaintiff's Complaint details four separate incidents between March 2002 and July 2004 which allegedly involved Defendant's scrutiny over Plaintiff's hair style which did not comply with Defendant's guidelines regarding personal appearance. Id. Neither this new claim of hostile work environment, nor the underlying incidents of alleged harassment, were ever mentioned in Plaintiff's EEOC charge, never investigated by the EEOC, and cannot be found to be "like or reasonably related" to the other allegations in Plaintiff's EEOC charge. Indeed, Plaintiff himself identified March 10, 2005 as the first date of any discrimination making clear that he was not basing his charge on incidents which took place in 2002-2004. In short, Plaintiff's claims of

hostile work environment should be dismissed for his failure to exhaust his administrative remedies.

To the extent that Plaintiff attempts to salvage these stale claims by arguing a continuing violation under Nat'l R.R. Passenger Corp. v. Morgan, such reasoning is completely unavailing. In evaluating whether a plaintiff may file a lawsuit concerning events that fall outside the statutory time period proscribed by Title VII, courts must determine whether the plaintiff is seeking recovery for discrete acts of discrimination, which constitute separate unlawful employment practices, or for a series of incidents of harassment or intimidation, which constitute a single unlawful employment practice. Morgan, 536 U.S. at 114-118, 122. The Supreme Court in Morgan held that one cannot convert discrete acts of discrimination into a single unlawful employment practice in order to meet administrative requirements. Id. at 111 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). "Accordingly, plaintiffs alleging such discriminatory action must exhaust the administrative process regardless of any relationship that may exist between those discrete claims and any others." Coleman-Adebayo v Leavitt, 326 F.Supp.2d 132, 138 (D.D.C. 2004). Thus, allegations of discrete discriminatory acts will be time-barred if not timely pursued.[4]

Plaintiff's new allegations of a hostile work environment raised in his Complaint are largely made up of discrete acts which would have required him to file an EEOC charge well before January 2006. Specifically, with regard to the most recent of the newly asserted allegations, Plaintiff claims that in March 2003, an employee allegedly filed a complaint

[4] The Supreme Court recently re-affirmed its holding in Morgan and the distinction between discrete acts of discrimination and hostile work environment in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S.Ct. 2162, 2175 (2007).

wrongfully accusing him of wearing an offensive "ear wrap". Compl. ¶ 9. Plaintiff also claims that in July 2004, he was reportedly removed from his flight schedule after failing to comply with Defendant's uniform policies. Compl. ¶ 8. However, similar actions have been deemed by federal courts to be "discrete acts" under Morgan and can not be aggregated under a continuing violation theory. See Kassner v. 2nd Ave. Deli. Inc., 496 F.3d 229, 239 (2d Cir. 2007) (change in work schedule); Schmelzer v. Alexander, 2005 WL 723660 *3 (N.D.Tx. 2005) (change in work schedule); O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006) (adding "wrongful accusations" to Morgan's "non-exhaustive list of discrete acts"); Garrett v. U.S. Dept. of Aff., 2007 WL 1875535 *5 (D.N.J. 2007) (wrongful accusations). Having failed to file a timely EEOC charge after any of these discrete acts of discrimination which allegedly occurred in 2003 and 2004, Plaintiff is now precluded from attempting to piggy-back on the more narrow set of claims set forth in his January 12, 2006 EEOC Charge.[5]

## IV. PLAINTIFF'S FMLA CLAIM IS UNTIMELY AND SHOULD BE DISMISSED.

Plaintiff also failed to file his FMLA claim within the requisite statute of limitations and it should be dismissed. Under the FMLA, an employer cannot "interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Therefore, an employer is prohibited from discriminating or taking an adverse action against an employee because the employee has taken FMLA leave. 29 C.F.R. § 825.220(c). Employees who allege that they have been subjected to unlawful interference or

[5] Of course, such effort would also be futile because the January 12, 2006 EEOC charge is also untimely.

retaliation under the FMLA must file a complaint within two years of "the last event constituting the alleged violation." 29 U.S.C. § 2617(c)(2).[6]

Plaintiff alleges that Defendant violated the FMLA when it rejected or refused to accept a request for leave for medical attention and ultimately terminated his employment. Compl. ¶ 24. As noted above, Plaintiff alleges that he was terminated on March 10, 2005 for unauthorized absence from work, invalid use of sick leave, and failure to comply with a written directive. Compl. ¶ 13-14. Therefore, Plaintiff had no later than March 13, 2007 to file his FMLA complaint. Plaintiff filed the instant action on August 27, 2007, over four months beyond the requisite statute of limitations and, therefore, the Court should dismiss this untimely claim.

**CONCLUSION**

Based on the foregoing reasons, Defendant United Airlines respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, in its entirety, under Rule 12(b)(6) for failure to state a claim.

Date: November 30, 2007

Respectfully submitted,

UNITED AIRLINES, INC.

/s/

Michael A. Viccora (D.C. Bar No. 434619)
Eric J. Janson (D.C. Bar No. 974395)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400 (telephone)
(202) 828-5393 (facsimile)

Attorneys for Defendant United Airlines

[6] In cases where the violation is alleged to have been "willful" that period is extended to three years. 29 U.S.C. § 2617(c)(2). However, a claim of "willful" conduct must be specifically pled and courts have dismissed FMLA claims as time barred where the complaint reveals no express or implied allegation of "willful conduct". See e.g., Sampson v. Citibank, 53 F.Supp.2d 13, (D.D.C. 1999). Plaintiff makes no assertion that Defendant's alleged actions were "willful."

**TABLE OF AUTHORITIES**

**CASES**

*Ajuluchuku v. Oswald*,
2006 WL 325741 (D.D.C. February 10, 2006)....................4

*Artis v. Greenspan*,
474 F.Supp.2d 16 (D.D.C. 2007)....................4

*Bell Atl. Corp v. Twombly*,
127 S.Ct. 1955 (2007)....................3, 5

*Bowden v. U.S.*,
106 F.3d 433 (D.C. Cir. 1987)....................6

*Browne v. Potomac Elec. Power Co.*,
2006 WL 1825796 (D.D.C. July 3, 2006)....................5

*Browning v. Clinton*,
292 F.3d 235 (D.C. Cir. 2002)....................3, 4

*Carter v. The Washington Post*,
2006 WL 1371677 (D.D.C. May 15, 2006)....................4

*Carter v. Washington Metro. Transit Auth.*,
451 F.Supp.2d 150 (D.D.C. 2006)....................4

*Cristwell v. Veneman*,
224 F.Supp.2d 54 (D.D.C. 2002)....................7

*Coleman-Adebayo v Leavitt*,
326 F.Supp.2d 132 (D.D.C. 2004)....................9

*Gardner v. Dist. Of Columbia*,
448 F.Supp.2d 70 (D.D.C. 2006)....................6

*Garrett v. U.S. Dept. of Aff.*,
2007 WL 1875535 (D.N.J. 2007)....................10

*Jerome Stevens Pharm, Inc. v. FDA*,
402 F.3d 1249 (D.C. Cir. 2005)....................4

*Jones v. Dist. of Columbia*,
273 F.Supp.2d 61 (D.D.C. 2003)....................5

*Jones v. Univ. of Dist. of Columbia*,
505 F.Supp.2d 78 (D.D.C. 2007)....................7

*Kamen v. Int'l Brotherhood of Elec. Workers*,
505 F.Supp.2d 66 (D.D.C. 2007) ....................4

*Kassner v. 2nd Ave. Deli. Inc.*,
496 F.3d 229 (2d Cir. 2007) ....................10

*Lane v. Hilbert*,
2004 WL 1071330 (D.C. Cir. May 12, 2004) ....................7

*Ledbetter v. Goodyear Tire & Rubber Co., Inc.*,
127 S.Ct. 2162 (2007) ....................9

*Lutz v. United States*,
2000 WL 1954438 (D.D.C. July 5, 2007) ....................5

*Major v. Plumbers Local No. 5, United Ass'n of Journeyman and Apprentices of the Plumbing and Pipe-Fitting Industry*,
370 F.Supp.2d 118 (D.D.C. 2005) ....................6

*Murphy v. PriceWaterhouseCoopers, LLP*,
357 F.Supp.2d 230 (D.D.C. 2004) ....................4

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 (2002) ....................6, 9

*O'Connor v. City of Newark*,
440 F.3d 125 (3d Cir. 2006) ....................10

*Park v. Howard Univ.*,
71 F.3d 904 (D.C. Cir. 1995) ....................7, 8

*Sampson v. Citibank*,
53 F.Supp.2d 13 (D.D.C. 1999) ....................11

*Schmelzer v. Alexander*,
2005 WL 723660 (N.D.Tx. 2005) ....................10

*Stewart v. Nat'l Educ. Ass'n*,
471 F.3d 169 (D.C. Cir. 2003) ....................4

*Washington v. Washington Metro. Area Transit Auth.*,
160 F.3d 750 (D.C. Cir 1998) ....................6

*Zipes v. Trans. World Airlines, Inc.*,
455 U.S. 385 (1982) ....................7

**STATUTES**

2 U.S.C. § 2000e-5(e)(1) ....................6

42 U.S.C. § 2000e-5(e)(1)....................6

42 U.S.C. § 2000e *et seq*....................1

29 C.F.R. § 825.220(c)....................10

29 U.S.C. § 2615(a)(1)....................10

29 U.S.C. § 2617(c)(2)....................11

29 U.S.C. § 2611, *et seq*....................1, 2, 3

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 210-2006-01291

______________________________________ and EEOC

State or local Agency, if any

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Malik Hodge** | **(202) 882-8044** | **11-02-1969** |

Street Address City, State and ZIP Code

**6125 1st Place N.E., Washington, DC 20011**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **UNITED AIRLINES** | **500 or More** | **(847) 700-5000** |

Street Address City, State and ZIP Code

**1305 Algonquin Road, Elk Grove, IL 60007**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02-11-2005** | **03-10-2005** |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by Respondent in or around February 1995. On or about October 20, 2004 I was involved in a car accident which caused me to be placed on pain medication. I called in and placed myself on the company sick list on or about December 23, 2004. On or about January 3, 2005, I was falsely accused by Respondent. Subsequently, I complained of racial discrimination regarding the charges against me to Human Resources on or about February 3, 2005. On March 10, 2005 I was discharged.**

**I believe I have been subjected to retaliation for complaining of discrimination and discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

RECEIVED EEOC

JAN 1 2 2006

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X1-6-06 [signature]

Date Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*