**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MALIK HODGE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED AIRLINES,** )<br>)<br>**Defendant.** )<br>_____) | Civil No. 1:07-cv-1527 (CKK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE**

Defendant, United Airlines, Inc., by and through its undersigned counsel hereby submits its Opposition to Plaintiff's Motion to Vacate your Honor's January 4, 2008 Order granting Defendant's Motion to Dismiss.

While styled as a motion to vacate, Plaintiff actually seeks relief under Fed. R. Civ. Pro. 59(e)[1] and requests reconsideration of your Honor's ruling dismissing his complaint for failing to respond to Defendant's Motion to Dismiss filed on November 30, 2007. Motions under Fed.R.Civ.P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C.Cir.1998) ("Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice"). Accordingly, the instant motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the

---

[1] Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e); *see also McMillian v. District of Columbia, et. al.,* 233 F.R.D. 179 (D.D.C. 2005) (treating motion to reconsider as a Rule 59(e) motion to alter or amend the judgment where it was filed within ten days of judgment, as opposed to a motion seeking relief from a judgment or order under Rule 60(b)).

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (internal quotation marks and citations omitted); *see also Ramseur v. Barreto*, 213 F.R.D. 79, 81 (D.D.C.2003) (instructing that reconsideration will be granted when the moving party demonstrates that there exists a "manifest error of law or fact," or presents "newly discovered evidence").

Plaintiff's counsel argues that a "grave injustice will be done if the complaint is not reinstated," but offers no justification for failing to ensure that his motion for an extension of time was filed in a timely and proper manner or otherwise providing support for his twice asserted representation that he was "almost certain" that the motion was filed. As Plaintiff's counsel is well-aware, under Local Rule 5.4(c), "a person filing a document by electronic means is responsible for insuring the accuracy of the official docket entry generated by the CM/ECF software." Moreover, "[c]ounsel or parties encountering technical problems with CM/ECF filing shall immediately notify a Clerk's Office employee of the problem by telephone and immediately send written confirmation of that notification to the Office of the Clerk." Local Rule 5.4(g)(3). Plaintiff's counsel suggests that some sort of technical problem was to blame, but offers no evidence that would demonstrate that the motion was ever filed (such as an ECF receipt) or that he called the Clerk's Office when it should have become readily apparent that the motion was never received or registered on the Court's docket. Defendant also represents that it never received an ECF notification that a motion for extension of time was ever filed by Plaintiff.

2

While Defendant concedes that it consented to Plaintiff's motion to an extension of time[2], Defendant has no authority to <u>grant</u> such an extension or otherwise relief Plaintiff of his obligation to file the necessary motion with the Court. *See* Fed. R. Civ. Pro. 6(b) (specifying that enlargements of time be made by motion to the Court with a showing of good cause). Furthermore, Plaintiff's counsel could have easily discovered that no such motion had been filed when he did not receive an ECF notification confirming his electronic filing or an order from the Court granting (or denying) the motion to extend. *See Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (plaintiff's failure to respond to motion to dismiss was not excused by failure to receive ECF notification since counsel had continuing obligation to monitor court docket); *McMillian,* 233 F.R.D. at 182 (no manifest injustice where case dismissed for failure to respond to motion based on claim of technical malfunction).

Finally, there is absolutely no legal merit to Plaintiff's claim that it would be a "grave injustice" to dismiss this case because the of the alleged EEOC "probable cause" finding which reportedly "nullifies the Defendant's claim that administrative complaint was not timely." Such an outlandish argument is without any support in law[3], and cannot serve as grounds for a motion to alter or amend the Court's ruling. Therefore, Defendant maintains that there are no grounds to alter or amend the Court's dismissal of this case and Plaintiff's motion to vacate should be denied.

---

[2] Plaintiff's claim that he contacted Defendant to seek an extension "within a few days" of receiving Defendant's Motion to Dismiss is inaccurate. Defendant filed its Motion to Dismiss on November 30, 2007 and Plaintiff's counsel did not contact Defendant to request an extension until December 14, 2007.

[3] Indeed, "no such finality exists with respect to [an] EEOC's determination of reasonable cause. Standing alone, it is lifeless, and can fix no obligation nor impose any liability on the plaintiff. It is merely preparatory to further proceedings." *Georator Corp. v. EEOC*, 592 F.2d 765, 768 (4th Cir. 1979).

Date:  December 7, 2007                    Respectfully submitted,

                                           UNITED AIRLINES, INC.

                                           _____/s/_____
                                           Michael A. Viccora (D.C. Bar No. 434619)
                                           Eric J. Janson (D.C. Bar No. 974395)
                                           SEYFARTH SHAW LLP
                                           815 Connecticut Avenue, N.W., Suite 500
                                           Washington, DC 20006-4004
                                           (202) 463-2400 (telephone)
                                           (202) 828-5393 (facsimile)

4