UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIK HODGE,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED AIRLINES,<br><br>　　Defendant. | Civil Action No. 07-1527 (CKK) |

**MEMORANDUM OPINION**
(January 18, 2008)

　　Currently before the Court is Plaintiff's [6] Motion to Vacate the Court's January 4, 2008 Order dismissing Plaintiff's case without prejudice. Defendant filed a Motion to Dismiss Plaintiff's Complaint on November 30, 2007. Plaintiff's Response to Defendant's Motion was due December 14, 2007, but no Response was filed on the docket and no extensions of time were requested. *See* LCvR 7(b) ("Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). Accordingly, the Court treated the Motion as conceded and dismissed the case on January 4, 2008.[1]

　　Plaintiff filed the instant Motion on the same day as the Court's January 4, 2008 Order (after the Order was entered), arguing that he "almost certain[ly]" filed a consent motion to

---

[1] The Court's January 4, 2008 Order indicated that Plaintiff's response was due on December 11, 2007, but the Federal Rules of Civil Procedure provide 3 additional days for electronic filing. *See* Fed. R. Civ. P. 7.1(e), 5(b)(2)(D). Assuming Plaintiff would have filed his response electronically, it would have had to appear on the docket no later December 14, 2007, to be considered timely.

extend the time for his response, but that his motion failed to appear on the docket for an unspecified technical reason.[2] *See* Pl.'s Mot. at 1-2. According to Plaintiff's counsel, he prepared a motion for an extension of time to respond to Defendant's Motion to Dismiss, requested and received Defendant's consent to the motion, and "is almost certain that the motion was filed." *Id.* at 1. As support, Plaintiff's counsel states that the consent motion was "saved in PDF [presumably on the computer of Plaintiff's counsel] and [Plaintiff's counsel] filed another motion in the court in another matter on the day the motion was filed, so there would not have been any reason not to file the motion." *Id.* at 2. Curiously, Plaintiff's counsel also alleges that he sought a second extension from Defendant on January 2, 2008, but does not allege that he filed a consent motion as to that second extension. *Id.* In any event, Plaintiff's counsel asks the Court to vacate its order dismissing the case because "Counsel is almost certain the consent motion for an extension was filed, and there would not have been any reason for it not to be filed." *Id.* at 2.

Plaintiff's counsel fails to cite any authority under which he seeks relief, but his Motion is properly considered under Federal Rule of Civil Procedure 59(e), which states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."[3] Courts have "considerable discretion in ruling on a Rule 59(e) motion," *Piper v. U.S. Dep't of*

---

[2] Plaintiff states that he "contacted the Clerk's office to find out if there is any record of the consent motion being filed and is waiting [sic] a response. If some type of confirmation is located, counsel will file it with the [C]ourt." *Id.* at 2. The Court has not received a filing from Plaintiff in this regard.

[3] Because Plaintiff's Motion was filed on January 4, 2008, the same day as the Court's Order dismissing the case (and thus within 10 days of the entry of the Court's Order), the Motion is properly considered under Rule 59(e) as opposed to a Motion brought under Rule 60(b). *See McMillian v. District of Columbia, et al.*, 233 F.R.D. 179, 180 n.1 (D.D.C. 2005).

*Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004), but such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Generally, relief under Rule 59(e) is limited to situations where "there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curium)).

This Court uses an electronic filing system called CM/ECF. *See* LCvR 5.4. When documents are filed using the CM/ECF system, notification (an "ECF notice") is sent to each party and the Court via email. *See* LCvR 5.4(b)(6). Attorneys are "responsible for monitoring their e-mail accounts" for ECF notices. *Id*. Plaintiff's counsel did not attach to the instant Motion an ECF notice proving that his consent motion had been docketed, and neither the Court nor Defendant has any record of receiving such a notice. *See* Def.'s Opp'n at 2 ("Defendant [] represents that it never received an ECF notification that a motion for extension of time was ever filed by Plaintiff"). Plaintiff's counsel should have been aware that there was a problem with his alleged filing when he failed to receive an ECF notification for both the filing of his motion and an Order from the Court ruling on his motion. *See* Rule 5.4(g)(3) ("[c]ounsel or parties encountering technical problems with CM/ECF filing shall immediately notify a Clerk's Office employee of the problem by telephone and immediately send written confirmation of that notification to the Office of the Clerk").

Attorneys also bear the responsibility of regularly monitoring the Court's docket. *See McMillian v. Dist. of Columbia*, 233 F.R.D. 179, 181 (D.D.C. 2005). Had Plaintiff's counsel

checked the docket even once between the time his Response was due and the Court's January 4, 2008 Order, he would have observed that neither his Motion, nor an Order from the Court concerning his Motion, appeared on the docket. Only in response to the Court's January 4, 2008 Order did Plaintiff's counsel apparently check the Court's docket, three weeks after the deadline for filing his Response.

Finally, the Court notes that counsel for Plaintiff's argument that dismissal would lead to a "grave injustice" is unavailing. *See* Pl.'s Mot. at 2. As the dismissal was based on Plaintiff's failure to respond to Defendant's Motion to Dismiss and was not based on the merits of Plaintiff's claims, the Court's dismissal shall operate without prejudice. As such, Plaintiff is free to re-file his lawsuit should he choose to do so. The Court also notes that Plaintiff's counsel did not attach a Response to Defendant's Motion to Dismiss so the Court has no way of determining whether the case has merit.

Absent evidence of a docketing error and given Plaintiff's clear failure to monitor his emails for ECF notices and the Court's docket for filings in contravention of the Local Rules, the Court finds no basis to reconsider its January 4, 2008 Order.

For the reasons stated above, the Court shall deny Plaintiff's [6] Motion to Vacate the Court's January 4, 2006 Order, dismissing without prejudice Plaintiff's case in its entirety.


Date: January 18, 2008


                                               /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge