**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **MALIK HODGE** ) | |
| **710 12th STREET, NE** ) | |
| **WASHINGTON, D.C. 20002** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **Case No.: 07 CA 1527** |
|     **v.** ) | |
| ) | |
| **UNITED AIRLINES** ) | |
| **1200 EAST ALGONQUIN ROAD** ) | |
| **ELK GROVE TOWNSHIP, IL 60007** ) | |
| ) | **Jury Trial Demand** |
|     **Defendant.** ) | |
| ) | |

**PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING MOTION TO VACATE ORDER OF DISMISSAL**

    Comes now Plaintiff Malik Hodge, by and through counsel, and files Plaintiff's Motion to Reconsider Order Denying Motion to Vacate Order of Dismissal, and in support thereof states as follows.

    On January 18, 2008, the court entered an Order dismissing Plaintiff's complaint without prejudice. Counsel apologizes to the court and opposing counsel for the confusion and submitting this motion, but Plaintiff's counsel still believes he filed the motion for extension on December 14, 2007, and Plaintiff requests that the court reconsider the order denying the motion to vacate. The Court's ECF provider has not responded to Counsel's inquiries on whether there is any record of the filing. Counsel must acknowledge, however, that he is human, and in light of the absence of an entry on

the docket, that there is a possibility that somehow the motion was prepared for filing and somehow, it was not filed.

This matter arose when Defendant filed a motion to dismiss Plaintiff's complaint after Plaintiff consented to Defendant's request for an extension to file an answer to the complaint. Plaintiff's counsel requested and Defendant consented to an extension of time for Plaintiff to file an opposition until January 4, 2008.

The court notes that it has "considerable discretion" in ruling on a Rule 59(e) motion, but refuses to grant the motion to vacate because it suspects Plaintiff failed to monitor his emails for ECF notices and the court's docket.

First, counsel believes that a consent motion to extend the deadline was filed on December 14, 2007. Counsel has not failed to monitor his emails or the court's docket. Counsel monitors his court emails every day and reads every notice from the court. Plaintiff's counsel has 10 to 15 cases pending before this single court, including a one where he is class counsel in a class action and involvement as counsel in another class action, and receives notices, motions and orders from the cases in this court, as well as all the other courts where counsel practices, virtually every day.

The court denied the motion because the court concluded that counsel did not check the docket between December 14, 2007 and January 4, 2008, to see if the consent motion had been filed. As counsel stated previously, there was no reason for counsel to check this particular docket because counsel believed the motion had been filed and believed the court would grant the consent motion when the court got to the motion. Counsel would not contact the court immediately just because a judge did not immediately rule on a consent motion. Further, counsel had to take emergency sick leave

during the week of December 17, 2007 because his daughters became ill and needed medical attention, and then counsel contracted a virus, and was later out of the office for the holidays the week of December 24, 2007, but generally monitored his email even over the holidays. Counsel only was in the office a few days between December 14, and January 2, 2008.

Even if the motion was not filed, which counsel does not believe to be the case, certainly, this cannot be the first time that a represented party before the court has not filed a response to a dispositive motion in a timely manner or within three weeks, and the court dismissed the case immediately, especially when there was a plausible explanation. Counsel is puzzled why the court must do so here, when Defendant consented to an extension and neither Plaintiff nor counsel has not missed any deadlines before the court, nor displayed any other action, which would warrant a drastic sanction of dismissal of a complaint when there is a contented motion.

The court commented that "[o]nly in response to the Court's January 4, 2008 Order did Plaintiff's counsel apparently check the Court's docket, three weeks after the deadline for filing his Response." To the contrary, counsel was completely on top of this matter. In early January, 2008, Counsel was working to complete the opposition and contacted Defendant's counsel on January 2, 2008, and sought his consent for an additional extension of the January 4, 2008 deadline, because counsel's computer network crashed over the holidays, and he needed an additional few days to respond to the motion. The Defendant does not dispute this. Plaintiff's counsel would not have taken this action if he did not believe that the motion had been filed with the court, or if he was not monitoring the progress of the case.

While the court notes that Plaintiff's counsel did not attach a response to the motion to dismiss, so the court has no way of determining whether the case has merit, counsel did not submit his opposition because the case was dismissed before the deadline he was operating under. Counsel is prepared to submit the opposition within one day of the court reinstating the complaint.

Finally, the court notes that its dismissal would operate without prejudice. Counsel is not certain that this is the case, since this is a Title VII matter, and Plaintiff had 90 days to file a complaint in court after receiving notice of the right to sue, and since the original complaint was filed in August 2007, there could be an issue with the timeliness of a complaint. Counsel would not want to refile the complaint and then argue with Defendant on whether a re-filed complaint should be dismissed as untimely.

Counsel requests that the court reconsider the order of denying the motion to vacate, and reinstate the complaint, rather than requiring Plaintiff to file a new complaint, and then litigate with Defendant over whether that complaint is timely, and filing an appeal to challenge the dismissal of the complaint, in a case where the EEOC has already found discrimination.

Defendant was contacted concerning his response to this motion, and he had not responded at the time this motion was filed, but counsel suspects defendant will not consent to this motion.

Respectfully submitted,

/s/ David A. Branch

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690

4

Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

## Certificate of Service

I hereby certify this 18th day of January 2008 that a copy of the foregoing Motion to Reconsider Order Denying Motion to Vacate Order of Dismissal was sent via electronic mail to counsel for the Defendant at the address listed below:

Michael A. Viccora
Seyfarth Shaw LLP
815 Connecticut Ave., N.W.,
Suite 500, Washington, D.C. 20006
Phone: (202) 828-3573
Fax: (202) 641-9273

/s/
_____

David A. Branch

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MALIK HODGE )<br>710 12th STREET, NE )<br>WASHINGTON, D.C. 20002 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED AIRLINES )<br>1200 EAST ALGONQUIN ROAD )<br>ELK GROVE TOWNSHIP, IL 60007 )<br>)<br>Defendant. )<br>_____ ) | Case No.: 07 CA 1527<br><br><br>Jury Trial Demand |

O R D E R

    Upon Consideration of Plaintiff's Motion to Reconsider Order Denying Motion to Vacate Order of Dismissal, it is

    ORDERED that the motion be and hereby is granted.

                                                                                          _____
                                                                              U.S. District Court Judge