UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MALIK HODGE,

    Plaintiff,

    v.

UNITED AIRLINES,

    Defendant.

Civil Action No. 07-1527 (CKK)

**ORDER**
(August 7, 2008)

The tortured history of the above-captioned case has developed in a relatively short period of time based on the failure of Plaintiff's counsel to file a timely opposition to Defendant's Motion to Dismiss. Because of that failure, the Court granted Defendant's Motion to Dismiss as conceded on January 4, 2008, and dismissed Plaintiff's case without prejudice. *See* [5] Order at 1 (Jan. 4, 2008). Plaintiff's counsel subsequently moved the Court to vacate its Order of dismissal based on the excuse that Plaintiff's counsel probably filed one or more motions for an extension of time to respond–even though none appeared on the public docket. *See* [6] Mot. to Vacate at 1-3 (Jan. 4, 2008). The Court found this excuse to be legally and factually deficient and inconsistent with counsel's obligations under the local rules to monitor the Court's docket and to comply with the filing deadlines set forth in the Federal Rules of Civil Procedure. The Court therefore denied Plaintiff's Motion to Vacate, noting also that Plaintiff's counsel did not deign to submit an opposition to Defendant's Motion to Dismiss along with his Motion to Vacate

so the Court could determine whether the case even had merit or not.[1]  *See* [9] Mem. Op. at 4 (Jan. 18, 2008).  Plaintiff appealed the Court's January 4, 2008 Order of dismissal.

On appeal, the D.C. Circuit recognized that, despite the Court's dismissal of Plaintiff's case without prejudice (i.e., Plaintiff's counsel could re-file the action), the applicable statute of limitations appeared to bar the subsequent re-filing of Plaintiff's Title VII claims.  Accordingly, the D.C. Circuit remanded the case, on its own motion, to allow this Court to determine whether it "wishes to reconsider its denial of appellant's motion for reconsideration of the January 4, 2008 dismissal order" in light of the statute of limitations problems that would deprive Plaintiff's client of his Title VII claims.  [12] Order at 1 (July 31, 2008).

The Court's January 4, 2008 Order of dismissal was not based on an application of the Federal Rules of Civil Procedure by rote.  Parties are required to monitor the Court's docket and to file timely responses or motions for extensions of time.  The failure to comply with these basic rules leads to administrative difficulties, as well as a waste of judicial and party resources by creating, for example, collateral inquiries into whether a party should be permitted to file a document out of time.  *See Smith v. District of Columbia*, 430 F.3d 450, 456 & n. 5 (D.C. Cir. 2005).  Such consequences are apparent in this case, where Plaintiff's counsel filed two post-dismissal motions, an appeal, and another lawsuit in this Court – all of which could have been avoided simply by complying with the required filing deadlines.

Nevertheless, the Court is reluctant to visit the sins of the attorney on the client, particularly where counsel's failure may deprive his client of his Title VII claims for reasons

---

[1] Plaintiff filed a Motion to Reconsider on January 18, 2008, which the Court also denied.  *See* Min. Order dated January 18, 2008.

wholly unrelated to the merits of those claims. For this reason, the Court shall vacate its January 4, 2008 Order of dismissal and allow Plaintiff's counsel to file an opposition to Defendant's Motion to Dismiss. The Court cautions Plaintiff's counsel that any further missed deadlines shall not be tolerated by the Court.

Accordingly, it is, this 7th day of August, 2008, hereby

**ORDERED** that the Court's [5] January 4, 2008 Order of dismissal shall be VACATED; it is further

**ORDERED** that this case shall be REINSTATED in its entirety; it is further

**ORDERED** that Plaintiff shall file a response to Defendant's [4] Motion to Dismiss on or before August 22, 2008; it is further

**ORDERED** that Defendant may file a reply to Plaintiff's Opposition on or before September 5, 2008; and it is further

**ORDERED** that the parties shall file a Joint Status Report on or before August 22, 2008, indicating what effect, if any, they believe reinstatement of this case has or should have on *Hodge v. United Airlines*, Civ. A. No. 08-232. The Court assumes that the parties do not want the same claims to be asserted in two different cases.

**SO ORDERED.**

Date: August 7, 2008

                                    /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge