UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MALIK HODGE )<br>710 12th STREET, NE )<br>WASHINGTON, D.C. 20002 )<br>          )<br>     Plaintiff,     )<br>          ) <br>     v.     )<br>          )<br>UNITED AIRLINES )<br>1200 EAST ALGONQUIN ROAD )<br>ELK GROVE TOWNSHIP, IL 60007 )<br>          )<br>     Defendant.     )<br>_____ ) | Case No.: 07 cv 1527 (CKK)<br><br><br>Jury Trial Demand |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Comes now Plaintiff Malik Hodge, by and through counsel, and files Plaintiff's Opposition to Defendant's Motion to Dismiss, and in support thereof states as follows.

Defendant has filed a motion to dismiss. Defendant claims that Mr. Hodge did not file a timely administrative charge with the EEOC. Further, Defendant claims that Mr. Hodge did not raise his hostile work environment claims before the EEOC. In addition, Defendant argues that Mr. Hodge's FMLA claim is barred because it was filed after the two your statute of limitations. Because Defendants arguments are without merit, the motion to dismiss should be denied.

Background

Plaintiff Malik Hodge, an African American male, began employment with United Airlines on February 26, 1995. Complaint at 5. Mr. Hodge held the position of flight attendant until his termination on March 10, 2005. Id. Mr. Hodge was assigned to international flights from San Francisco to Hong Kong. Id.

During the last three years of his employment, Mr. Hodge was subjected to harassment based on his race and ethnic appearance. Id. at 6-9.

On October 20, 2004, Mr. Hodge sustained injuries from an automobile accident in the District of Columbia. Id. at 10. Mr. Hodge began receiving physical therapy for his injuries on or near October 29, 2004 and notified his employer of his need for medical care. Mr. Hodge continued to receive therapy for the next two months. Id.

Mr. Hodge returned to work for Defendant in December 2004, despite his injuries and ongoing treatment. Id. at 11. Mr. Hodge's return to work required that he decrease his physical therapy. As a result, he suffered a recurrence of the injury to his back, which left him in a debilitating state on December 23, 2004. Id. As a result of his injuries, Mr. Hodge's physicians restricted him from work activities, beginning December 23, 2004. Id.

While Mr. Hodge was out of work with the injury and awaiting treatment on his back, Ann Hsu, In-Flight supervisor, sent an email message on January 6, 2005 to Mr. Hodge, indicating that she had made several unsuccessful attempts to reach him and instructing Mr. Hodge to provide medical documentation for his absence from work before 5:00 p.m. on Friday, January 7, 2005. Id. at 12. This email was followed by a second email from Hsu, dated January 18, 2005, instructing Mr. Hodge to provide

extensive medical documentation on physician's letterhead and signed by his treating physician. Id. Due to his injuries and medical treatment, Mr. Hodge was unable to check his email on a regular basis. Id. Defendant thereafter solicited, without Mr. Hodge's permission, confidential medical information from his physician. Id.

While out on leave, Mr. Hodge inquired at the Flight Attendant Service Center if he needed to leave a contact number and was told it was unnecessary. Id. at 13. Although Hsu claims that she made several attempts to reach Mr. Hodge by telephone during his leave, Hsu's attempted calls were made to Mr. Hodge's residence in Hong Kong, while Mr. Hodge was in Washington, D.C. Mr. Hodge first became aware that Ms. Hsu was attempting to reach him on or about January 11, 2005 when he was notified by his father in New York that a FedEx package had arrived from the Defendant containing a Letter of Charge. Id. After retrieving the package, Mr. Hodge faxed the requested medical documents to company management on January 12 and 18, 2005. Id. In February 2005, Mr. Hodge filed an internal complaint a race discrimination against United Airlines. Id.

On February 18, 2005, management conducted a hearing, charging Mr. Hodge with unauthorized absence from work, invalid sick leave, and failure to comply with a written directive. Id. at 14. Mr. Hodge was terminated on March 10, 2005. At the same time Mr. Hodge was issued charges by United, a similarly situated Caucasian male employee was absent from work without leave. Id. Unlike the Caucasian colleague who was took unauthorized leave and was given an opportunity to address and resolve charges before proceeding to a hearing, Mr. Hodge was terminated immediately on March 10, 2005 without the same process afforded the Caucasian employee. Id.

3

Mr. Hodge filed a charge of discrimination with the EEOC On November 23, 2005. Ex. A.  The EEOC issued a finding of probable cause to believe that United discriminated against Mr. Hodge on the basis of his race.  Ex. B. After efforts at conciliation failed, the EEOC issued to Mr. Hodge a Notice of Right to Sue, dated May 29, 2007, and advised him of his right to file suit within 90 days.  Mr. Hodge filed suit in this court within 90 days of receipt of the Right to Sue letter.

**Argument**

Standard of Review

In ruling on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), all the properly pled allegations of the complaint are taken as true and all facts are construed in the light most favorable to the plaintiff. See FRCP Rule 12(b)(6); Domen v. National Rehab. Hospital, 925 F. Supp. 830, 837 (D.D.C. 1996).  "Dismissal for failure to state a claim is proper [only] where `it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).     The Supreme Court has made clear that it is inappropriate to require a plaintiff to plead facts which he may not need to succeed on the merits of the claim.  See Swierkiewicz v. Sonoma, 535 U.S. 506 (2002) (holding that plaintiff need not plead facts establishing a prima facie case of employment discrimination, in part because it would be "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered").

A.     Mr. Hodge Exhausted his Administrative Remedies

Defendant first claims that Count I must be dismissed because Mr. Hodge **failed to allege** that he exhausted his administrative remedies.  This argument should be rejected because Mr. Hodge is only required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a).  Further, Mr. Hodge exhausted his administrative remedies by filing with the EEOC, receiving a finding of probable cause that the Defendant discriminated against him, and receiving a Right to Sue letter from the EEOC.  Ex. A and B to Hodge II Opposition to Motion to Dismiss.  Defendant has included the Notice of Right to Sue as one of its exhibits.

B.     Mr. Hodge Filed his Administrative Claims with the EEOC in a Timely Manner

Defendant next argues that Mr. Hodge failed to file his Charge of Discrimination and retaliation within the time frame required by law.  Defendant claims that Mr. Hodge was required to file claims with the EEOC either 180 or 300 days of the latest date of discrimination.  Relying on a 300 day time limit to file a charge of discrimination, Defendant assets that Mr. Hodge's claim is untimely because Mr. Hodge signed his Charge of Discrimination on January 6, 2006, and he was required to file the charge by January 4, 2006. Defendant contends that Mr. Hodge's Title VII claims are time barred and should be dismissed for failure to exhaust administrative remedies.

Mr. Hodge's Charge of Discrimination was timely.  First, Mr. Hodge was required to file his Charge of Discrimination within 300 days.  The EEOC Questionaire completed by Mr. Hodge confirms that Mr. Hodge had 300 days to file the EEOC charge questionnaire with the EEOC. Ex. A, p.2 ("Whether you complete this form in our offices or mail it to the EEOC, it must be received by the Commission within 300 days of the

5

date of the alleged discrimination.")   The charge was filed on November 23, 2005, in a timely manner.  Defendant's argument that a charge of discrimination is not filed until a complainant signs the charge of discrimination is contrary to the law.  See Edelman v. Lynchburg College, 535 U.S. 106 (2002) (acknowledging that a letter of complaint was sent to the EEOC by the complainant within the time period allotted for filing a charge and holding that EEOC charge may be verified after the deadline for filing a charge).  Moreover, a complainant has no control over when the EEOC completes a Charge of Discrimination and presents it to the complaining party for signature.  Further, the EEOC, well aware of the deadline for filing charges, accepted the charge, conducted an investigation and issued a decision that there was probable cause to believe United discriminated against Mr. Hodge.  Defendant's argument here is baseless.

Mr. Hodge is not pursuing a separate hostile work environment claim.

C.     Mr. Hodge's FMLA Claim is Timely

Defendant argues that Mr. Hodge's FMLA claim is untimely and should not be dismissed because it was not filed within two years of March 10, 2005.  Defendant acknowledges that a claim alleging a  "willful" violation of the FMLA may be field within three years of the violation.  Here, Mr. Hodge stated a willful violation of the FMLA.  Specifically, Mr. Hodge alleged that "In violation of FMLA, Defendant knowingly and intentionally rejected or refused to accept a request for leave for medical attention and ultimately terminated Mr. Hodge's employment.   In addition, Defendant's doctor contacted Hodge's doctor without Hodge's consent to obtain information about his medical condition."  Complaint at 24.  The three year statute of limitations applies to Mr. Hodge's FMLA claim because he alleges a willful violation.  His claim here is timely.

Conclusion

For the foregoing reasons, the motion to dismiss should be denied.

          Respectfully submitted,

          /s/ David A. Branch

          David A. Branch #438764
          Law Offices of David A. Branch, PC
          1825 Connecticut Avenue, N.W.
          Suite 690
          Washington, D.C. 20009
          (202) 785-2805 phone
          (202) 785-0289 fax

**Certificate of Service**

I hereby certify this 21st day of august 2008 that a copy of the foregoing Opposition to Motion to Dismiss was sent via electronic mail to counsel for the Defendant at the address listed below:

Michael A. Viccora
Seyfarth Shaw LLP
815 Connecticut Ave., N.W.,
Suite 500, Washington, D.C. 20006
Phone: (202) 828-3573
Fax: (202) 641-9273

          /s/
          _____

          David A. Branch