IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIK HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-01527 (CKK) |
| ) | |
| UNITED AIRLINES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant United Airlines Inc. ("United"), by its undersigned counsel, respectfully submits this Reply Memorandum in support of its motion to dismiss.

**INTRODUCTION**

Despite his unavailing arguments to the contrary, Plaintiff has failed to exhaust his administrative remedies with respect to his Title VII claims by failing to file a timely formal charge of discrimination with the EEOC within 300 days of his termination from United. Plaintiff also fails to address United's argument that his harassment/hostile work environment claim is time barred and concedes that he is no longer pursing this claim.  Finally, Plaintiff may not rely solely on "labels and conclusions" to salvage his untimely FMLA claim. Accordingly, United submits that its motion to dismiss should be granted in its entirety.

**ARGUMENT**

**I.   PLAINTIFF'S EEOC QUESTIONNAIRE DOES NOT ESTABLISH THAT HE
      EXHAUSTED HIS ADMINISTRATIVE REMEDIES IN A TIMELY MANNER.**

Plaintiff concedes that his formal charge of discrimination (Mot. to Dismiss, Ex. A) was not filed within 300 days of his alleged discriminatory termination on March 10, 2005.  Instead, Plaintiff makes the dubious assertion that an EEOC Questionnaire is the equivalent of filing a

"charge" of discrimination for purposes of determining whether an individual has timely exhausted his administrative remedies under Title VII. The D.C. Circuit has expressly rejected such an argument in *Park v. Howard University*, 71 F.3d 904, 909 (D.C. Cir. 1995), and held that "[t]o treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not of the questionnaire." *Id.* (citing *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 80 (7th Cir. 1992)). Much like the employer in the *Park* case, Plaintiff makes no assertion that United had any notice that such a "questionnaire" was ever filed with the EEOC and may not use this document[1] to demonstrate that he filed a timely "charge" of discrimination.

Plaintiff cites *Edelman v. Lynchburg College*, 535 U.S. 106 (2002) for the proposition that an EEOC Questionnaire is the equivalent of a formal "charge" of discrimination. *See* Opp. at 6. However, *Edelman* does not address the particular form of the charge, but rather specifically holds that the EEOC's regulation permitting a timely filer to verify his charge after the filing time has expired is valid. 535 U.S. at 118-19. Indeed, Justice Souter specifically stated in *Edelman* that the Court's decision did not reach the issue of whether a timely filed "letter" constituted a charge under the statute in light of the fact that neither the plaintiff nor the EEOC treated a letter as a charge. *Id.* at 119.

Although not cited by Plaintiff, United is obviously aware of the recent Supreme Court decision in *Federal Express Corp. v. Holowecki*, 128 S.Ct. 1147 (2008), in which the Court held that the EEOC reasonably exercised its authority to apply its own regulations when it determined that an intake questionnaire *with a detailed supporting affidavit* constituted a "charge" under the

---

[1] Plaintiff also attaches 3 pages of unidentifiable handwritten notes to Exhibit A. These documents have clearly not been "signed" or "verified" by Plaintiff and cannot constitute a charge of discrimination.

Age Discrimination in Employment Act. Important to the instant case, the Court in *Holowecki* held that "the agency is not required to treat every intake questionnaire as a charge." 128 S.Ct. at 1159. Indeed, unlike the employee in *Holowecki*, Plaintiff has provided only a barebones outline of his allegations of discrimination in his questionnaire. Additionally, the Supreme Court carefully noted that its holding in *Holowecki* was expressly limited to the EEOC's regulations implementing the ADEA and warned that "employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." 128 S.Ct. at 1153. Because of the Supreme Court's limited holding, and the obvious legal and factual distinctions in this case, *Holowecki* does not govern the result here and the Court should not treat Plaintiff's intake "questionnaire" as a formal "charge" of discrimination. *See e.g. Ojedis v. JetBlue Airways Corp.*, 2008 WL 9611884 (W.D. Tx. April 8, 2008) (distinguishing *Holowecki* and holding that intake questionnaire did not constitute a charge of discrimination under Texas Labor Code). Therefore, Plaintiff's Title VII claims must be dismissed as untimely.[2]

## II.     PLAINTIFF'S DISCRIMINATION CLAIM MUST BE LIMITED TO HIS TERMINATION.

Plaintiff has conceded in his Opposition that is not pursuing a "separate" hostile work environment claim. In stark contrast, Plaintiff's Complaint is littered with references to allegations of "harassment" and "hostile work environment." Specifically, Plaintiff alleges that he was subjected to "harassment based on his race and ethnic appearance," and details a series of discrete acts which took place between March 2002 and July 2004 (between 2-3 years before his

---

[2] Plaintiff tries to inappropriately bolster his argument by citing to the EEOC's summary determination regarding his charge of discrimination. *See* Opp. at 6. However, such "reasonable cause" determinations have absolutely no persuasive or binding effect on this Court and have no bearing on whether Plaintiff has filed his lawsuit in a timely manner.

3

termination) which allegedly involved Defendant's scrutiny over Plaintiff's hair style and personal appearance. Compl. ¶ 6-9, 17. Indeed, Plaintiff specifically alleges in Count I of his Complaint for "Race Discrimination and Retaliation" that he was subjected to "harassment and a hostile work environment based on his race as detailed above…" *Id.* at ¶ 17. As noted by United in its Motion to Dismiss, neither this new claim of hostile work environment, nor the underlying incidents of alleged harassment, were ever mentioned in Plaintiff's EEOC charge, never investigated by the EEOC, and cannot be found to be "like or reasonably related" to the other allegations in Plaintiff's EEOC charge.

Accordingly, to the extent that Plaintiff is parsing his words by claiming he is not pursing a "separate" claim of hostile work environment and is attempting to bootstrap these untimely allegations under the umbrella of his *discrimination* claim, the Court should dismiss his discrimination claim with respect to these untimely allegations and limit his claim to his discharge in March 2005 – the only alleged discriminatory act set forth in his untimely EEOC charge.[3] Of course, as noted above, United maintains that Plaintiff's EEOC charge was untimely and the Court should dismiss his Title VII claims in their entirety.

### III. PLAINTIFF MAY NOT RELY ON LABELS AND LEGAL CONCLUSIONS TO SALVAGE HIS UNTIMELY FMLA CLAIM.

In his Opposition, Plaintiff does not argue with United' argument that his FMLA claim is untimely under the requisite two-year statute of limitations set forth in the 29 U.S.C. § 2617(c)(1). Instead, Plaintiff attempts to save his untimely claim by arguing that FMLA's three year statute of limitations applies because he alleged that Defendant "knowingly and

---

[3] By attaching his EEOC questionnaire to his opposition (Pl. Opp. Ex. A), Plaintiff reaffirms United's argument that any viable Title VII claim that Plaintiff may have is limited to his discharge in March 2005 and would not include any allegations of discrimination based on the series of unexhausted discrete acts which reportedly took place between 2002 and 2004.

4

intentionally rejected or refused to accept a request for leave." Opp. at 6. However, Plaintiff's Complaint sets forth no <u>facts</u> which explicitly or impliedly suggest any "willful" action by Defendant. Plaintiff states that he "faxed the requested medical documents to company management on January 12 and 18, 2005" (Compl. ¶ 13) and soon thereafter he was charged with and terminated for "unauthorized absence from work, invalid sick leave and failure to comply with a written directive." Compl. ¶ 14.

Plaintiff may not rely on his rote accusation that Defendant "knowingly and intentionally" rejected or refused to accept his leave request to take advantage of the three-year statute of limitations for "willful" violations of FMLA. 29 U.S.C. § 2617(c)(2); *see Sampson v. Citibank*, 53 F.Supp.2d 13, (D.D.C. 1999) (dismissing FMLA claims as time barred where the complaint reveals no express or implied allegation of "willful conduct"). The Supreme Court has made explicitly clear that to survive a motion to dismiss, Plaintiff may not rely on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action…." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Instead, the Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id; see also Bryant v. U.S. Government,* 527 F.Supp.2d 137, 141-42 (D.D.C 2007) (dismissing claim under *Twombly* which was based on conclusory legal conclusions and formulaic statutory language).

Accordingly, Plaintiff may not merely label or summarily conclude that Defendant's alleged actions were "knowingly and intentional" in order to salvage his untimely FMLA claim and therefore this claim should be dismissed.

## CONCLUSION

Based on the forgoing reasons, as well as those set forth in its Motion to Dismiss and Memorandum of Points and Authorities in Support, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Date: September 5, 2008

Respectfully submitted,

UNITED AIRLINES, INC.

_____/s/_____
Michael A. Viccora (D.C. Bar No. 434619)
Eric J. Janson (D.C. Bar No. 974395)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400 (telephone)
(202) 828-5393 (facsimile)